THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDMUND OBERTI,

       Plaintiff,

  v.

PACIFIC MARITIME ASSOCIATION, a California corporation,

       Defendant.

No. 2:13-cv-01580-RAJ

ORDER

   This matter comes before the Court on Defendant Pacific Maritime Association's ("PMA") Motion to Enforce Settlement Agreement. Dkt. # 59. Plaintiff Edmund Oberti opposes the motion. Dkt. # 61. For the reasons that follow, the Court **GRANTS** the motion.

**I. BACKGROUND**

   In July 2013, Mr. Oberti sued PMA and the International Longshore and Warehouse Union ("ILWU"), Local 19, for disability discrimination. Dkt. # 1-1. Mr. Oberti was a member of the ILWU and worked as a longshoreman. PMA constitutes a group of employers that hire exclusively from the ILWU. Local 19 is Mr. Oberti's former local affiliate of the ILWU.

   In September 2013, Defendants removed Mr. Oberti's case to this Court. Dkt. # 1. In February 2014, Mr. Oberti stipulated to Local 19's dismissal from the lawsuit. Dkt. # 16.

ORDER-1

The parties dismissed the action in October 2016 after coming to a mutually agreed upon settlement with benefits to both sides. Dkt. # 58. That Settlement Agreement provided Mr. Oberti with three options: A) PMA will advise the ILWU that PMA supports Mr. Oberti's reinstatement[1] as a Seattle Class B registered longshore worker and pay him a base settlement sum; B) if the ILWU does not agree to this classification, PMA will advise ILWU that PMA supports Mr. Oberti's reinstatement as a Seattle ID Casual and pay him a larger base settlement sum; and C) if, by October 31, 2015, the ILWU refuses to reinstate Mr. Oberti or agrees to reinstate him with terms unacceptable to either PMA or Mr. Oberti, or if the ILWU simply does not respond by the deadline, then PMA will pay Mr. Oberti the largest settlement sum "in lieu of reinstatement." Dkt. # 60-1 at pp. 25-29 ("Settlement Agreement"). The settlement amount is greatest under Option C because this option would not only settle the matter but would also terminate PMA's duty to support Mr. Oberti's reinstatement.

PMA fulfilled its duties under Options A and B by advising the ILWU that PMA supported Mr. Oberti's reinstatement. Dkt. # 60-1 at pp. 38-40. ILWU declined. *Id*. at p. 41. This triggered Option C of the Settlement Agreement, and PMA sent Mr. Oberti checks for the agreed upon amounts, which Mr. Oberti accepted and cashed. *Id*. at pp. 44-48, Dkt. # 59 at p. 3.

Mr. Oberti claims to have been devastated by the ILWU's decision against his reinstatement. Dkt. # 62-1 at pp. 6-7. He appealed to the ILWU to reconsider its decision or at the very least offer an explanation for the denial. *Id*. ILWU did neither, and in response Mr. Oberti filed a charge against the ILWU with the National Labor Relations Board ("NLRB"), accusing the ILWU of "denying him a work opportunity that had been agreed upon by [PMA] . . . ." Dkt. # 60-1 at pp. 4-5. The NLRB then filed a complaint against the ILWU on behalf of Mr. Oberti seeking, in part, to require the ILWU to reinstate Mr. Oberti per the Settlement Agreement. Dkt. # 60-1 at p. 11. PMA successfully intervened in the NLRB action because it

---

[1] ILWU and PMA must both agree before a longshoreman is able to perform work.

claimed that this requested reinstatement remedy violates the Settlement Agreement between Mr. Oberti and PMA.  Dkt. # 60-1 at pp. 50-51, 57-65.

## II.     DISCUSSION

The court has plenary power to enforce agreements to settle litigation pending before it. *City Equities Anaheim v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 957 (9th Cir. 1994).  The Court finds that the Settlement Agreement in this matter is unambiguous.  Where a contract is unambiguous, a court can interpret it as a matter of law. *Tanner Elec. Coop. v. Puget Sound Power & Light*, 911 P.2d 1301, 1310 (Wash. 1996).

Mr. Oberti relies on extrinsic evidence to prove that PMA must continue to support his reinstatement beyond October 31, 2015, but a court can use extrinsic evidence only "'to determine the meaning of *specific words and terms used*' and not to 'show an intention independent of the instrument' or to 'vary, contradict, or modify the written word.'" *Hearst Comms., Inc. v. Seattle Times Co.*, 115 P.3d 262, 266 (Wash. 2005) (quoting *Hollis v. Garwall, Inc.*, 974 P.2d 836, 843 (Wash. 1999)) (emphasis in *Hearst*).  Absent extrinsic evidence pertaining to a specific term, the court must "give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Id.* (directing courts to interpret "what was written" rather than "what was intended to be written"). Mr. Oberti does not claim that any term or terms in the Settlement Agreement are susceptible of an interpretation requiring PMA to support reinstatement beyond the October 31, 2015 deadline. The Court will not renegotiate or rewrite the parties' agreement to erase this provision.

The Court agrees with PMA that the Settlement Agreement has been satisfied.  That is, PMA fulfilled its duty to support Mr. Oberti's reinstatement and upon the ILWU's negative response, PMA paid Mr. Oberti the largest sum under Option C.  However, the Settlement Agreement is only between Mr. Oberti and PMA.  It does not prohibit Mr. Oberti from pursuing legal action against the ILWU or its affiliate Local 19 for alleged violations of the law.  Still, allowing Mr. Oberti to pursue remedies against the ILWU or Local 19 does not enable him to

circumvent the Settlement Agreement with PMA.  Therefore, even if the ILWU were to agree to reinstatement as a result of the NLRB action, this does not mean that PMA would also be required to offer its support for reinstatement.  Such a global remedy expired on October 31, 2015.

### III.    CONCLUSION

Put simply, the Settlement Agreement in this matter is satisfied and PMA is no longer required to support Mr. Oberti's reinstatement.  Mr. Oberti may not pursue this distinct remedy in his NLRB action because, as PMA argues, he would be benefiting by receiving the benefits of both Options A/B and C.  This is a narrow ruling: the Court does not find that the Settlement Agreement categorically prohibits Mr. Oberti from pursuing his rights in actions against other parties so long as the resulting remedies do not implicate a breach of the Settlement Agreement.

For the foregoing reasons, the Court **GRANTS** PMA's motion to enforce the settlement agreement.  Dkt. # 59.

Dated this 27th day of January, 2017.

_____

The Honorable Richard A. Jones
United States District Judge